UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

═══════════════════════════════════

DERRICK BENNETT by HIS mother and natural
guardian PAULINE TUCKER-BENNETT, for
herself,

               Plaintiffs

- against -

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
ASHLEY LEARNED, in her official and individual
capacity, POLICE OFFICER ROBERT ROSSI, in his
official and individual capacity, DETECTIVE
RANDY KALANTHROFF, in his official and
individual capacity, JOHN DOES ONE-TEN, in
their official and individual capacity,

               Defendants.

═══════════════════════════════════

**DOCKET NO.: CV-21-5644**

**COMPLAINT**

**TRIAL BY JURY DEMANDED**

Plaintiffs, by their attorneys, THE LAW OFFICES OF FREDERICK K. BREWINGTON,

as and for their complaint against Defendants, respectfully state and allege, upon information

and belief, as follows:

**PRELIMINARY**

1.     This is a civil action for money damages against the COUNTY OF NASSAU,

NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER ASHLEY LEARNED, in her

official and individual capacity, POLICE OFFICER ROBERT ROSSI, in his official and

individual capacity, DETECTIVE RANDY KALANTHROFF, in his official and individual

capacity, JOHN DOES ONE-TEN (collectively DEFENDANT OFFICERS) for committing acts

under color of law and depriving plaintiff of rights secured by the Constitution and laws of

the United States.

2.      Plaintiff alleges that Defendant POLICE OFFICERS assaulted, battered, used excessive/unreasonable, and unnecessary use of excessive force, falsely accused, falsely arrested, falsely imprisoned, and maliciously prosecuted DERRICK BENETT, all in violation of his constitutional and civil rights, all in violation of 42 U.S.C. §§1981, 1983, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§12131-12134 (Title II of the Americans with Disabilities Act [ADA]), Section 504 of the Rehabilitation Act and related State laws as stated herein.

3.      Plaintiff DERRICK BENNETT, alleges that Defendants committed acts of Assault, battery, false and wrongful arrest, false and wrongful imprisonment, abuse, unnecessary use of excessive force, abuse of process, failure to render medical treatment, unlawful search and seizure, negligent infliction of emotional distress,  negligence, and violation of civil rights of Plaintiff DERRICK BENNETT, infliction of serious physical and serious emotional harm all caused by the negligent, reckless and careless action of the COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and DEFENDANT OFFICERS.

4.      Upon information and belief, Plaintiff, DERRICK BENNETT, was illegally and unlawfully assaulted, abused, harassed, tased, shocked, cuffed and restrained, made to fear for his life, injured physically and mentally, imprisoned, arrested, seized and searched, caused to suffer fear of impending death and otherwise harmed without just cause.  Plaintiff,

2

DERRICK BENNETT, was made to suffer inhuman treatment, was deprived of his Constitutional and Civil Rights all without basis or reason. COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, and DEFENDANT OFFICERS conspired and agreed to violate Plaintiff DERRICK BENNETT's rights, were negligent in their interaction with DERRICK BENNETT, and thereafter improperly failed to investigate this occurrence, withheld information, and conspired to cover up same, despite the truth being apparent.

5.      Plaintiff alleges that Defendant COUNTY OF NASSAU was negligent in training, hiring and supervising Defendant Police Officers, thus leading to the unjustified excessive force, assault, false arrest, false imprisonment and malicious prosecution of Derrick Bennett. Plaintiff alleges that the arrest was made in an attempt to justify the flagrantly improper and unjustified conduct of Defendant Police Officers.

6.      Defendant Police officers without probable cause, justification or any reason except an intent to deprive Plaintiff of his rights, and their knowledge that their conduct has the tacit authorization of COUNTY OF NASSAU, Plaintiff alleges that the Defendants (collectively and individually) used excessive force against Plaintiff and were grossly negligent in their handling of Plaintiff while in custody, and in their failure to provide medical assistance to the injured Plaintiff. Furthermore, the Defendants knew of Plaintiff's psychological condition, and did nothing to provide him with prompt medical attention for his pain, suffering, and injuries. Said use of unjustified force on Plaintiff deprived him of his civil and constitutional rights.

3

7.    Plaintiff DERRICK BENNETT alleges that COUNTY OF NASSAU is liable for the assault, battery, excessive force, false arrest, and false imprisonment because the COUNTY OF NASSAU has abused, condoned and permitted a pattern of abuse of process and has failed to properly investigate such incidents and discipline the officers involved with the result that police officers of the COUNTY OF NASSAU are encouraged to believe that they could violate the rights of persons such as the Plaintiff with impunity and that the NASSAU COUNTY POLICE DEPARTMENT has and continues to act in violation of individual rights, constituting through their actions a policy.

8.    As a result of the Defendants' actions (or lack thereof), Plaintiff BENNETT suffered physical pain and suffering, was caused to undergo medical treatment for serious physical injuries that he sustained at the hands of DEFENDANT OFFICERS as a result of their use of excessive force and failure to provide medical attention to Plaintiff.

9.    Plaintiff PAULINE TUCKER-BENNETT incurred significant costs and expenses due to the Defendants' actions, including but not limited to substantial legal fees, and medical bills.

## JURISDICTION AND VENUE

10.    This action is brought pursuant to 42 U.S.C. §§1981, 1983, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 12131-12134 (Title II of the Americans with Disabilities Act [ADA]) and Section 504 of the Rehabilitation Act. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343 (3) and (4) and the aforementioned

4

statutory and constitutional provisions. Plaintiff further invokes pendent jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide any and all claims arising under State law.

11.    Prior hereto and within the proper time allotted, Plaintiff filed a Notice of Claim in compliance with General Municipal law §50 et. seq. and CPLR § 215 as against each municipal Defendant.  More than 30 days have elapsed and Defendants have failed and refused to pay or adjust same.

12.    Venue for this action is the Eastern District of New York based on where the actions complained of herein occurred.

## PARTIES

13.    At all times relevant in this Complaint, Plaintiff DERRICK BENNETT (hereinafter PLAINTIFF) is Afro-Carribean Black man, is a citizen of the United States, and a resident of the County of Nassau.

14.    At all times relevant in this Complaint, Plaintiff PAULINE TUCKER-BENNETT (hereinafter "MRS. TUCKER-BENNETT") is a citizen of the United States, and a resident of the County of Nassau.

15.    That Defendant the COUNTY OF NASSAU (hereinafter "COUNTY") was and is a duly constituted municipal corporation of the State of New York existing and operating under and by the virtue of the laws of the State of New York.

16.    Defendant NASSAU COUNTY POLICE DEPARTMENT (hereinafter "POLICE

DEPARTMENT") is an agency of NASSAU COUNTY.

17.    Defendant   POLICE   OFFICER   ASHLEY   LEARNED   (hereinafter "LEARNED")was at all times herein mentioned employed by NASSAU COUNTY and/or NASSAU COUNTY POLICE DEPARTMENT, and was acting in furtherance of the scope of her employment, acting under color of law, to wit  under color of statutes, ordinances, regulations, polices, customs and usages of the State of New York.

18.    Defendant POLICE OFFICER ROBERT ROSSI (hereinafter "ROSSI")was at all times herein mentioned employed by NASSAU COUNTY and/or NASSAU COUNTY POLICE DEPARTMENT, and was acting in furtherance of the scope of his employment, acting under color of law, to wit  under color of statutes, ordinances, regulations, polices, customs and usages of the State of New York.

19.    Defendant   DETECTIVE   RANDY   KALANTHROFF   (hereinafter "KALANTHROFF")was at all times herein mentioned employed by NASSAU COUNTY and/or the NASSAU COUNTY POLICE DEPARTMENT, and was acting in furtherance of the scope of his employment, acting under color of law, to wit  under color of statutes, ordinances, regulations, polices, customs and usages of the State of New York.

## FACTUAL ALLEGATIONS

20.    PLAINTIFF, who is intellectually deficient, with an abbreviated IQ score of 68, suffers from Autism Spectrum Disorder, thus falling squarely within the definition of an individual with a disability,  as defined under the *Americans With Disabilities Act*, 42 U.S.C.

6

§12102. Mr. Bennett is a Black man who ahs Afro-Carribean roots

21.    On or about October 10, 2018, PLAINTIFF, was threatened with assault by an individual, and picked up two stones to protect himself. Plaintiff Mrs. TUCKER-BENNETT, instructed Plaintiff BENNETT to go to his home.

22.    As PLAINTIFF walked away from the individual, he walked towards a neighbor's house, Mr. Seaton's.

23.    Defendant LEARNED approached PLAINTIFF from behind, and instructed him to throw away the stones.  As PLAINTIFF threw away one of the stones, it accidently cracked the windshield of another neighbor's automobile.

24.    PLAINTIFF continued walking away from the Defendant LEARNED with one stone in his hand.

25.    As LEARNED walked behind PLAINTIFF, Mrs. TUCKER-BENNETT informed the Officer that her son suffers from a seizure disorder,  and has multiple disabilities. Mrs. TUCKER-BENNETT further informed LEARNED that her son, PLAINTIFF, would go to Mr. Seaton to talk, because Mr. Seaton was aware of the incident.  LEARNED acknowledged receipt of the information provided to her by  MRS. TUCKER-BENNETT.

26.    While LEARNED was pursuing Plaintiff BENNETT, Defendant ROSSI appeared from an opposite direction, and ran toward PLAINTIFF. When PLAINTIFF saw ROSSI, he dropped the stone which he held.  At that time, PLAINTIFF was not a threat to anyone and was more than 10 feet from any other person.

27.    Without provocation, ROSSI tased PLAINTIFF's torso. As a result, PLAINTIFF fell backwards, striking his head on the ground, and becoming unconscious.

28.    Plaintiff MRS. TUCKER-BENNETT pleaded with the officers to be allowed to travel in the ambulance with her son, but her pleas were denied. PLAINTIFF  was taken to Nassau University Medical Center (NUMC), and his family, including MRS. TUCKER-BENNETT, was prevented from seeing him.

29.    From NUMC,  PLAINTIFF was taken to the 1st Precinct, and then to County Court in  Mineola  and held for arraignment.

30.    While in the holding cell, and as a result of the trauma he experienced, PLAINTIFF urinated and defecated on himself.

31.    During the time he was in custody, Plaintiff BENNETT did not receive his seizure medication, although MRS. TUCKER-BENNETT told the arresting officers numerous times that PLAINTIFF was prone to seizures, and required medication.

32.    PLAINTIFF was charged with violating Penal Law §120.05(03) Assault in the Second Degree (a Class "D" Felony), Penal Law §145.05(02) Criminal Mischief in the Third Degree (a Class "E" Felony), and Penal Law §205.30 Resisting Arrest (a Class A Misdemeanor).

33.    At no time did PLAINTIFF assault, or threaten to assault any Officer.  At no time did PLAINTIFF cause criminal mischief. At no time did PLAINTIFF resist arrest.

34. Defendant OFFICERS negligently, intentionally, and recklessly inflicted emotional trauma and distress upon PLAINTIFF and further intentionally inflicted severe physical and emotional distress by tasing, arresting, and confining PLAINTIFF.

35. PLAINTIFF sustained, severe, permanent, painful, physical damages and injuries including but not limited to personal injuries to his body and mind, unnecessary and unwanted pain and suffering, violation of civil rights, permanent damage to reputation and standing in the community, extreme mental and emotional harm and stress, and other injuries not yet fully ascertained.

**AS AND FOR A FIRST COUNT**
**42 U.S.C. § 1983**
**FALSE ARREST, MALICIOUS PROSECUTION, ABUSE OF PROCESS,**
**UNREASONABLE AND EXCESSIVE USE OF FORCE**

36. The PLAINTIFFS repeat, reiterates and realleges each and every allegation contained in paragraphs 1 through 35 of this Complaint with the same force and effect as though fully set forth herein.

37. On or about October 10, 2018, Plaintiff was placed in fear of his life, falsely seized, falsely detained and falsely arrested by DEFENDANTS and subject to excessive and unreasonable force and unlawful search and seizure.

38. On or about October 10, 2018 Plaintiff was placed in fear of his life, falsely arrested, falsely seized, detained, and held for an unreasonable period of time against his will without justification, explanation or rationale for such detention.

39.    On or about October 10, 2018 while being detained, Plaintiff was subject to excessive and unreasonable force, which was demeaning in nature.

40.    Upon information and belief such seizure, arrest and detention was ordered and was carried out by DEFENDANT COUNTY and DEFENDANT OFFICERS.

41.    Upon information and belief, such seizure, arrest, detention, and assault was ordered, condoned and authorized by COUNTY DEFENDANT and DEFENDANT OFFICERS, with a callous, deliberate indifference to Plaintiff's known constitutional rights.

42.    Upon information and belief, that resulted in a criminal action being filed against him, and each DEFENDANT OFFICER took an active role in creating and manufacturing the allegations made against Plaintiff in an intentional attempt to mask and coverup their wrongful actions and abuses of Plaintiff. DFENDANT OFFICERS have abused the Legal system and process for their own benefit and self interest. They have maliciously prosecuted Plaintiff and each of the DEFENDANT OFFICERS have taken steps to support, foster and assist in the prosecution and forward progress of the prosecution and charges against Plaintiff.

43.    As part of the false arrest, detention, and accusations, DEFENDANT OFFICERS caused plaintiff to be seized, arrested, and held in a dangerous, compromising position for an unreasonable time without, probable cause and caused him to be deprived of his liberty, without due process and was further exposed to disgrace, public humiliation and embarrassment.

10

44. The DEFENDANT OFFICERS individually and collectively knew at the time of Plaintiff's arrest, and at all times since then, that they were not in possession of any evidence consistent with and sufficient to establish his guilt and were based solely, or in part, on DEFENDANTS' disregard and discriminatory and violative actions due in part or in whole to his disability.

45. Each of the Defendants, acting under color of law, acted separately and in concert and without authorization under the law. Each of the Defendants, separately and in concert with each other, acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of his right to freedom from excessive force, illegal seizure of his person, freedom from illegal detention, and imprisonment and free from the abuse of process and malicious prosecution as has been and is being engaged in by the Defendants. All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, the Fourth Amendment, as well as the Equal Protection clause of the Fourteenth Amendment and by 42 U.S.C. § 1983.

46. In using unreasonable force, excessive force, falsely arresting, falsely imprisoning, abusing the process, abusing, detaining, prosecuting, coercing, threatening, intimidating and interrogating PLAINTIFF, DEFENDANTS denied PLAINTIFF his right to be free from unreasonable force, search and seizure. Each DEFENDANT OFFICER knew or should have known they were violating laws of the State of New York and those statutory and constitutional rights set forth herein causing harm to Plaintiff.

11

47.     As a direct and proximate result of the aforesaid acts of the DEFENDANTS, Plaintiff suffered great physical harm, mental anguish and violations of rights from then until now and he will continue to so suffer in the future, having been greatly humiliated and mentally injured, as a result of the foregoing acts of the DEFENDANTS.

48.     Plaintiff TUCKER-BENNETT was forced and continues to incur great expense due to the defense of multiple false criminal charges, the filing of this Complaint, medical treatment, attorney's fees, investigation expenses, and other expenses in addressing the multiple wrongful and abusive acts by the DEFENDANTS, which have been a serious burden on Plaintiff.

49.     That by reason of the foregoing, Plaintiff has been placed in fear of his life, suffers significant emotional damages, distress, pain, suffering, loss of self esteem, self doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to his family, was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

### AND AS FOR A SECOND COUNT
### 42 U.S.C. § 1983 - MUNICIPAL LIABILITY

50.     The PLAINTIFFS repeat, reiterates and realleges each and every allegation contained in paragraphs 1 through 49 of this Complaint with the same force and effect as though fully set forth herein.

51.     The vicious beating, abuses due to mental illness, denial of medical treatment and care,  and other wrongful acts taken by, and on behalf of Defendants COUNTY which

constituted unreasonable and excessive force by Police Officers, as well as abuse of process. Such actions were negligent, reckless, careless, unreasonable and unauthorized, as DEFENDANTS have a duty not to subject Plaintiff to abuse, battery, and excessive force, but failed to prevent same and breached their duty. This punishment was in violation of the rights promised to PLAINTIFF under 4th, 5th, and 14th Amendments to the United States Constitution. The actions of NASSAU COUNTY to use weapons including Taser weapons against person with mental disabilities is an ongoing practice.

52.    As a consequences of DEFENDANTS' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, PLAINTIFF was deprived of his freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

53.    Municipalities have a duty to protect those held in custody, but prior to October 10, 2018 and since, the COUNTY has permitted and tolerated a pattern and practice of unjustified, unreasonable uses of force and beatings against detainees, denial of care, access to medical treatment, denial of medication, and other ongoing violations by officers of the COUNTY, and NASSAU COUNTY POLICE DEPARTMENT and other local police departments within the COUNTY. Such illegal use of force were improper, and the officers involved were not prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the excessive use of force was justified and proper,

thereby illustrating, suggesting, inferring, and implying municipal supervisors' acquiescence in the unconstitutional behavior of subordinate correction officers. As a result, DEFENDANT OFFICERS within their jurisdiction were caused and encouraged to believe that individuals could be beaten or abused under circumstances not requiring the use of excessive force, and that such beatings would in fact be permitted by the COUNTY. Further, as a result of the violent and illegal use of force by Defendants, municipal liability is inferred. Such violent and illegal acts by Defendants imply an official policy encouraging and/or condoning the use of such force.

54.    In addition to permitting a pattern and practice of improper beatings and abuses of individuals who are Black and/or have mental disabilities in Nassau County, Defendants COUNTY, NASSAU COUNTY POLICE DEPARTMENT, and POLICE OFFICER Defendants have failed to maintain a proper system of investigation of all incidents of unjustified beatings, shootings, and excessive use of force by police officers.

55.    The COUNTY has failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully, beat, use excessive force, abuse Black and/or persons with mental disabilities, and persons in their custody and control. The COUNTY has failed to find that civilian arrestee complaints made against police officers are founded or valid in anyway. Therefore, the COUNTY is liable under 42 U.S.C. §1983 because the COUNTY has had actual and/or constructive knowledge of the patterns of abuse and excessive force against persons in their custody by its police officers, employees, and/or agents

14

in violation of the United States Constitution, and because of Defendants COUNTY, NASSAU COUNTY POLICE DEPARTMENT, and DEFENDANT POLICE OFFICERS un-meaningful policy and custom for reviewing complaints of misconduct, the Defendant Officers relied upon that flawed policy to continue their patterns of physical abuse, excessive force, and discriminatory legal enforcement, all in violation of the Plaintiffs rights.

56. As a consequence of DEFENDANTS' wrongful actions, willful neglect, callous indifference, negligent behavior and violation of state and federal laws, PLAINTIFF, as a Black man with disabilities, was deprived of his freedom, was injured, was subjected to unlawful search and seizure, was subjected to mental anguish, suffered great fear, embarrassment, personal, humiliation, and degradation. All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth and Fourteenth Amendment; the Equal Protection clause and the Fourth Amendment to the United States Constitution as well as the protections afforded under 42 U.S.C. § 1983.

57. The Defendants COUNTY, NASSAU COUNTY POLICE DEPARTMENT, and DEFENDANT POLICE OFFICERS have maintained a system of review of unjustified beatings, and excessive use of force by Police Officers that has failed to identify the improper brutality by police officers and failed to subject officers who beat and/or brutalized citizens to discipline, closer supervision, retraining, or restraint, to the extent that it has become the custom of the COUNTY to tolerate the improper beatings and other wrongful actions by DEFENDANT OFFICERS.

58.    Further, the COUNTY, who maintains either supervisory and/or decision-making responsibility, permitted a practice of improper investigation, supervision, discipline and hiring of DEFENDANT OFFICERS. The actions of DEFENDANT OFFICERS have evidenced a failure to train or supervise properly. Such failure by supervisors has amounted to gross negligence on the part of police officers, and the COUNTY. Defendant COUNTY also refused and failed to prosecute the Defendant officers thereby improperly and in violation of the Plaintiffs rights, neglected, failed, and/or delayed in administering an investigation of the circumstances surrounding the instant matter and neglected, failed, and/or delayed in charging any wrong doers.

59.    Upon information and belief, specific systemic flaws in the COUNTY brutality review process include, but are not limited to, the following:

a.    Preparing reports regarding investigations of beatings incidents as routine point-by-point justifications of correction officer actions, regardless of whether such actions are justified;

b.    Police officers investigating beatings systemically fail to credit testimony by non-officer witnesses, and uncritically rely on reports by police officers involved in the incident;

c.    Police officers investigating beatings fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

d.    Supervisory Police officers at times issue public statements exonerating correction officers for excessive use of force, improper beatings, and use of unnecessary and excessive force before the investigation of the incident by the corrections facility has been completed;

16

e.    Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

60.    The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants COUNTY, NASSAU COUNTY POLICE DEPARTMENT, and DEFENDANT POLICE OFFICERS caused the Defendant OFFICERS to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

61.    As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, practices and customs of the Defendants COUNTY, NASSAU COUNTY POLICE DEPARTMENT, and DEFENDANT POLICE OFFICERS unjustifiably tased Plaintiff BENNETT numerous times, all in violation of his civil and constitutional rights, and Plaintiff BENNETT was deprived of his freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffe mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants. This is an ongoing pattern of behavior adopted and condoned by Defendants COUNTY, NASSAU COUNTY POLICE DEPARTMENT, and DEFENDANT POLICE OFFICERS

62.    Defendant COUNTY was reckless, careless, intentional, negligent, and/or deliberately indifferent in the training, hiring, administration, discipline and supervision of the Police Officers, including Defendant OFFICERS, with respect to the use of force against

17

detainees, inmates, prisoners, and mentally ill and disabled persons, the denial of medical resources, treatment, medication and relief from illnesses, abusing and bringing of charges against mentally ill, impaired and disabled persons, and the recognition and preservation of the civil and constitutional rights of impaired and disabled persons.

63.    That by reason of the foregoing, Plaintiff has been placed in fear of his life, emotional damages, distress, pain, suffering, loss of self esteem, self doubt and exposed him to disgrace, public humiliation and embarrassment, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

### AND AS FOR A THIRD COUNT
### 42 U.S.C. §§ 12131-12134, TITLE II OF THE AMERICAN WITH DISABILITIES ACT (ADA) AND SECTION 504 OF THE REHABILITATION ACT

64.    The PLAINTIFFS repeat, reiterates and realleges each and every allegation contained in paragraphs 1 through 63 of this Complaint with the same force and effect as though fully set forth herein.

65.    PLAINTIFF is, as set forth herein, a person with a disability as defined under 504 of the Rehabilitation Act and 42 U.S.C. §§ 12131-12134, Title II of the American with Disabilities Act (ADA).

66.    PLAINTIFF was denied the benefits of the services, programs, or activities of Defendants COUNTY and NASSAU COUNTY POLICE DEPARTMENT and was subjected

to discrimination by Defendants due to and on account of his disability.

67.     PLAINTIFF was allowed to be beaten, placed in hand cuffs, taken into custody, denied medical care and treatment, abused physically and verbally, deprived of his rights and other benefits, threatened and otherwise denied the normal conditions to which he was entitled due to and on account of his disability.

68.     PLAINTIFF was qualified to participate in or receive the benefit of all of his rights and treatment as a person with disabilities including but not limited to being free from summary beatings, not being placed abused and targeted due to conditions, not being denied medical care and treatment, not being abused physically and verbally, not deprived of civil rights and benefits, not threatened and not otherwise denied the normal benefits due to his disability and not being subjected to improper and differential treatment and/or discriminated against because of his disability.

69.     Defendants COUNTY and NASSAU COUNTY POLICE DEPARTMENT receives Federal financial assistance.

70.     That the false arrest, false imprisonment, excessive force and violation of the laws of the State of New York and Plaintiff's civil rights were brought about and caused by the actions of DEFENDANTS and that the same were a clear and intentional abuse of process causing Plaintiff damages.

71.     That by reason of the foregoing, Plaintiff has been placed in fear of his life, emotional damages, distress, pain, suffering, loss of self esteem, self doubt and exposed him

to disgrace, public humiliation and embarrassment, was deprived of access to his family and was deprived of his constitutional rights and has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

## AS FOR A FOURTH COUNT
### 42 U.S.C. § 1981

72.     PLAINTIFFS repeat, reiterate, and re-allege each and every allegation contained in paragraph 1 through 73 of this Complaint with the same force and effect as though fully set forth herein.

73.     PLAINTIFF DERRICK BENNETT, is an Afro-Carribean Black man, and a citizen of the United States.

74.     The Defendants, collectively and individually, each in their individual and/or official capacity, by way of their unlawful acts and omissions set forth and alleged in the proceeding paragraphs, violated the right of PLAINTIFF to be subject to the full, and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

75.     Specifically, by way of their assault on PLAINTIFF and brutalization, electric shocking, excessive and deadly police force, denial of proper medical treatment, and other such acts, each and every one of the Defendants further denied PLAINTIFF the right to be subject to like punishment, pains, and penalties as those visited upon white persons.

76.     Each of the Defendants knew PLAINTIFFS' race and color, and each Defendant deprived PLAINTIFF of such rights to equal treatment, equal opportunities of due process as those afforded to white persons in comparable situations, and equal security in his personhood

20

and welfare.

77.    As a consequence of DEFENDANTS' wrongful actions, willful neglect, callous indifference, negligent behavior and violation of state and federal laws, PLAINTIFF was deprived of his freedom, was injured by the DEFENDANTS, was subjected to unlawful search and seizure, was subjected to mental anguish, conscious pain and suffering, and suffered great fear, physical pain, personal humiliation and degradation.  All of these rights to be free of such unlawful, race-based treatment are secured to Plaintiff by provisions of the due process clause of the Fifth and Fourteenth Amendment; the equal protection clause and the Fourth Amendments to the United States Constitution as well as the protections afforded under 42 U.S.C. §1981.

96.    That by reason of the foregoing, Plaintiffs have been damaged in the sum of Five Million ($5,000,000.00) Dollars. As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the Defendants, to be held jointly and severally liable.

**WHEREFORE,** the Plaintiff demands judgment against the DEFENDANTS:

a)    On the First Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

b)    On the Second Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

c)    On the Third Cause of Action in the sum of Five Million ($5,000,000.00) Dollars;

k)    Punitive damages in the sum of TEN MILLION DOLLARS ($10,000,000.00);

l)    Declaratory Judgment that Defendants wilfully violated Plaintiffs' rights secured by federal and state law as alleged herein;

m)    Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin Defendants from continuing to violate

federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws and the creation of a Nassau County Civilian Complaint Review Board to address the abuses by police on civilians;

n)    Award such other and further relief as this Court may deem appropriate, including costs and attorney's fees.

**A JURY TRIAL IS HEREBY DEMANDED.**

Dated: Hempstead, New York
        October 8, 2021

LAW OFFICES OF
FREDERICK K. BREWINGTON

By: _____
        FREDERICK K. BREWINGTON
        Attorneys for Plaintiff
        556 Peninsula Boulevard
        Hempstead, New York  11550
        (516) 489-6959

22